(26 Misc. Rep. 487.)

### McINNIS v. GARDINER.

(Supreme Court, Special Term, New York County. February, 1899.)

1. ABATEMENT AND REVIVAL—SUBSTITUTION OF EXECUTOR—LACHES.

 Under Code, § 757, providing that, where the cause of action survives the death of a sole plaintiff, the court must allow the action to be continued in the name of his executor, and section 822, authorizing a dismissal for laches in prosecuting, a motion for substitution will not be denied for laches, where defendant has not moved for dismissal.

2. SAME—TERMS.

 Where a motion to substitute plaintiff's executors has been delayed for two years after the executors qualified, and several of defendant's witnesses have died in the meantime, the motion will be granted only on payment of all costs to date, and the giving of a stipulation to try the cause when reached.

Action by James J. McInnis against Charles W. Gardiner. Motion to continue action in name of plaintiff's executors. Granted.

C. C. Beaman, for the motion.

Asa Bird Gardiner, opposed.

GILDERSLEEVE, J. This is a motion to continue the action in the name of the executors of the deceased plaintiff, and for leave to serve a supplementary complaint. Opposition is made to the motion on the ground of laches in the prosecution of the action, and

for the reason that some important witnesses for the defendant have died. Section 757 of the Code provides that in case of the death of a sole plaintiff or defendant, if the cause of action survives, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest. Although the defendant claims to have been damaged by the laches of plaintiff or his executors, he has not seen fit to apply to the court, under section 822 of the Code, to dismiss the complaint for unreasonable delay in prosecuting the action. However, as he appears to have been prejudiced by the laches complained of, I think that onerous conditions should be imposed as a condition for granting the motion. The action was begun in 1895, the plaintiff died in 1896, the executors qualified in 1897, and yet this motion was not made until February, 1899. There has certainly been gross laches, and the defendant has been prejudiced thereby in the death of some of his witnesses. The motion is granted, upon payment of all the costs to date, to be taxed by the clerk, and upon the executors stipulating to try the case when reached; $10 costs of the motion to the defendant. Settle order of notice.

Motion granted; $10 costs of motion to defendant.